UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SEKOU KOUYATE,

                Plaintiff,                     **MEMORANDUM AND ORDER**
                                                                                                                 18-CV-6085 (PKC)

          -against-

UNITED STATES OF AMERICA, UNITED
NATIONS, and THE EUROPEAN UNION,

                Defendants.
-----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Sekou Kouyate filed this *pro se* complaint on October 31, 2018 and paid the filing fee to bring the action. For the reasons discussed below, the complaint is dismissed as frivolous.

## STANDARD OF REVIEW

      Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, brackets, and citation omitted).

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citation omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff's rambling, disjointed nineteen-page complaint does not present any actionable claim and must be dismissed as frivolous. For example, Plaintiff alleges that the "ex president Barack Husain Obama unlawfully unfairly, unconstitutional[l]y, stole my destiny from me to become the president of Guinea West Africa . . . and [in] order to tort [sic] me or get me kill[.]" (Compl. at 5.[1]) Plaintiff further states that,

> I [suffer] abuse, m[anipulations], tort, set-up to be accuse of rape[.] I s[uffer] stolen destiny, stolen propertys, [i]nvastion of my land Guinea, discrimination[.] I s[uffer] numerous a[ttempted] murder by injection, infection, a[ttempted] murder by car accident d[e]struction of my family, a[ttempted] murder by voodoo,

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

2

> a[ttempted] murder by poison, by car accident, homelessness, a[ttempted] murder by plane crash, discrimination, scams, negligence, defamation of character frauds, fa[lse] accusation of ter[orism], full violation of my constitutional rights, conspiracy, pain and suffering a lot more.

(*Id*. at 6.) Plaintiff seeks, *inter alia*, "$59 plus give me my destiny back," "whole entire United States of America with everything in it," "45 minute[s] of verbal oral statement," and "1 minute of silence for violation of my constitutional rights, tort, negligence." (*Id.*)

Plaintiff's claims are factually frivolous. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Khalil v. United States*, Nos. 17-cv-2652 & 17-cv-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) ("it is clear that plaintiff's claims are factually frivolous, rising to the level of the irrational or wholly incredible, and they are therefore dismissed" (quotation and citation omitted)). Since the complaint is devoid of any basis in law or fact and contains defects which cannot be cured by amendment, the Court dismisses this action as frivolous and does not permit Plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d at 112 ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it.").

## CONCLUSION

Accordingly, this action is dismissed as frivolous. Although Plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of the Court is respectfully directed to terminate this matter.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: November 7, 2018
      Brooklyn, New York